IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>}<br>} |
| v. | } COMPLAINT<br>} |
| ALLSUP'S CONVENIENCE STORES, INC. | }<br>}<br>} |
| | } **JURY TRIAL DEMANDED**<br>} |
| Defendant. | } |

## NATURE OF THE ACTION

This is an action under Title V of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Orvel Pape who was adversely affected by such practices. Specifically, Defendant discriminated against Mr. Pape by terminating his employment in retaliation for his cooperation with an EEOC investigation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Allsups Convenience Stores, Inc. ("Defendant"), has continuously been and is now doing business in the State of New Mexico and has continuously employed at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Orvel Pape filed a charge with the Commission alleging violation of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since April 18, 2008, the Defendant has engaged in conduct in violation of Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a), by firing Orvel Pape because he cooperated with an EEOC investigation of another employee's charge of discrimination brought against the Defendant under the ADA.

9.     The effect of the practices complained of in paragraph 8, above, has been to deprive Orvel Pape of equal employment opportunities and otherwise adversely affect his status as an employee because of his involvement in protected activity.

10.     The unlawful employment practices complained of in paragraph 8 were intentional.

11.     The unlawful employment practices complained of in paragraph 8 were committed with malice or with reckless indifference to the federally protected rights of Orvel Pape.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any retaliatory employment practice.

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order the Defendant to make whole Orvel Pape by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, pecuniary losses, compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order the Defendant to make Orvel Pape whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraph 8 above, including but not limited to out-of-pocket medical expenses and job search expenses.

  E. Order the Defendant to make Orvel Pape whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of consortium, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendant to pay Orvel Pape punitive damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraph 8 above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

            Respectfully submitted,

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel

/s Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


s/ Toby W. Costas
TOBY W. COSTAS
Supervisory Trial Attorney
Texas Bar No. 04855720


s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
(214) 253-2746 (telephone)
(214) 253-2749 (facsimile)